IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES C. JAMES,

    Petitioner,                   No. 2:12-cv-1754 JAM CKD P

    vs.

V. SINGH,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of 17 years and 3 months imprisonment following a 2000 conviction for four counts of robbery with a firearm. Am. Pet. at 12.[1] He challenges a 2011 prisoner disciplinary proceedings finding that he committed the offense of possession of a controlled substance. As a result of the finding, petitioner lost 130 days of good conduct sentence credit. Id. at 77. Respondent has filed a motion to dismiss.

        The court shall entertain an application for writ of habeas corpus by a state prisoner only if it is alleged that the prisoner is in custody in violation of federal law. 28 U.S.C.

/////

---

[1] Page numbers are those assigned by the court's electronic docketing system.

1

§ 2254(a).  In a federal habeas proceeding, a state prisoner can challenge the fact that he is confined or the duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Here, petitioner challenges the duration of his confinement by seeking restoration of revoked sentence credit.

The Supreme Court has found that inmates have a liberty interest protected by the Due Process Clause of the Fourteenth Amendment in earned good conduct sentence credit.  E.g. Superintendent v. Hill, 472 U.S. 445, 453 (1985).  That interest must be protected by the following procedures attendant to prison disciplinary proceedings which result in the revocation of good conduct credit:

1)  Advance written notice of the charges;

2)  An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

3)  A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4)  That the findings of the prison disciplinary board be supported by some evidence in the record.

Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Petitioner does not allege that he was denied any of the procedural protections identified above.  Rather, he asserts the timing of the disciplinary hearing at issue was outside the limit provided by California law and the fact that he was not allowed to call witnesses in an attempt to show that the hearing was not timely.[2]  However, as indicated above, the court can not

/////

/////

---

[2] While it is not clear, it appears petitioner also asserts an "Institutional Classification Committee" hearing held May 10, 2011 was held late.  Nothing suggests this hearing had any impact on the length of petitioner's sentence or that any aspect of that hearing would otherwise be reviewable in a federal habeas action.

grant a petition for writ of habeas corpus based upon a violation of state law.  Violations of state law, must be directed to state courts.[3]

For the foregoing reasons, the court agrees with respondent that petitioner's claims arising under state law are not cognizable in this federal habeas action and, therefore, will recommend that respondent's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 13) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This case is closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

/////

/////

---

[3] Petitioner's state law claim regarding the timing of his disciplinary hearing was presented to, and rejected by the Superior Court of Solano County. Am. Pet. at 22. Essentially, the Superior Court found that petitioner's assertion as to when the 30 day time limit for holding disciplinary proceedings began to run was not correct. Id. at 23. It appears the Superior Court of Solano County was the only court to specifically address this claim.

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).

 Dated: November 1, 2012

                                      _/s/ Carolyn K. Delaney_
                                      CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

[1] jame1754.157

4